## MOUNTS v. BOARDMAN CO. et al.

No. 9771—Opinion Filed July 20, 1920.

(Syllabus by the Court.)

1. **Principal and Agent—Contracts—Liability of Undisclosed Principal.**

For most purposes the contract of an agent, who deals in his own name without disclosing that of his principal, is the contract of the principal, and when discovered the principal may be held liable, as a general rule, unless it clearly appears that the contracting party intended to give exclusive credit to the agent.

2. **Same—Implied Agency—Proof.**

An implied agency may be established from words or conduct of the parties and circumstances of the particular case, and, while it is more readily inferable from a series of transactions, it may be implied from a single transaction.

3. **Same—Question for Jury.**

In law actions in this jurisdiction the question of agency, when resting in parol, is a question of fact to be determined by the jury.

4. **Husband and Wife — Presumption of Agency.**

The relationship of husband and wife will not, unaccompanied by other circumstances, authorize the conclusion that the husband is the agent of his wife, but such fact may be taken into consideration, and is usually entitled to considerable weight when taken in connection with other circumstances as tending to establish the facts of agency.

5. **Appeal and Error—Verdict—Sufficiency of Evidence.**

In an action at law the verdict of the jury will not be set aside on the ground of insufficiency of evidence where there is any evidence reasonably tending to support it.

6. **Appeal and Error—Harmless Error—Admission of Evidence.**

This court is not authorized to reverse a case on the erroneous admission of evidence unless, after an examination of the entire record, it appears to the court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by The Boardman Company against John H. Mounts and Kate L. Mounts on contract and notes. Judgment for plaintiff, and Kate L. Mounts brings error. Affirmed.

Mounts, Davis & Williams, for plaintiff in error.

Edward Spiers and Wilson & Roe, for defendants in error.

RAINEY, C. J. This action was instituted in the district court of Tillman county by The Boardman Company as plaintiff against John H. Mounts and Kate L. Mounts as defendants.

The plaintiff, The Boardman Company, sold one John H. Mounts two silos to be erected on the southeast quarter of section 12, township 3 south, range 15 west, Tillman county, Oklahoma, evidenced by a written contract and two promissory notes for the purchase price thereof, which were signed by John H. Mounts. It was agreed in the contract that

the land should stand as security for the payment of the notes. The action was on the contract and notes against John H. Mounts and his wife, Kate L. Mounts. John H. Mounts admitted liability; the lien claimed was abandoned and the action proceeded to trial against Kate L. Mounts, resulting in a judgment against her, from which she appealed to this court.

Plaintiff alleged in its petition that at the time of entering into said contract John H. Mounts was the agent and acting for his wife, Kate L. Mounts, in the management of her property, and as such agent had authority to contract for her, and that in purchasing said silos was acting as her agent, and that the silos were erected on her land. Plaintiff further alleged that at the time of entering into said contract it believed that John H. Mounts was the owner of said land, and that it did not discover the land was the property of Kate L. Mounts until sometime thereafter. The petition also alleged that Kate L. Mounts had ratified and confirmed the action of her husband, John H. Mounts, by taking and accepting said silos with full knowledge of the conditions under which they were erected.

The facts, as disclosed by the evidence, are substantially as follows: In the year 1911, John H. Mounts conveyed the land upon which the silos were erected, together with other lands, to his wife, Kate L. Mounts, for a recited consideration of one dollar and love and affection. On April 5, 1913, he, claiming to be the owner of the land, entered into a contract for the purchase of the silos, which were erected in August of that year. The defendant Kate L. Mounts knew that said silos were being erected on her land and was present part of the time and asked several questions concerning them, and in response to a question as to how they liked them, she and her husband each replied: "They are fine." She was present when the notes for the purchase price were signed. The evidence also shows that John H. Mounts had full charge of the silos and sold silage from them later in that year, and that said silos were a permanent improvement on Mrs. Mounts' land. In 1915, Mr. Mounts entered into a rental contract for the land as agent for his wife.

From the foregoing it appears that the case attempted to be presented grows out of a contract with an agent dealing in his own name without disclosing the name of his principal. In such circumstances the law is that, as a general rule, the principal, when discovered, is liable unless it clearly appears that the contracting party intended to give exclusive credit to the agent. 21 Ruling Case Law, 890 (see cases cited in footnote).

Agency may be established by showing either an express appointment with authority to act, or by implication from conduct for which the principal is responsible. The plaintiff does not contend, nor does the evidence show an express appointment by Kate L. Mounts of John H. Mounts as her agent to purchase the silos in question. An implied agency may be established from words or conduct of the parties and the circumstances of the particular case, and while it is more readily inferable from a series of transactions, it may be inferred from a single transaction. 2 C. J. 435, 436. And in law actions in this jurisdiction the question of agency, when resting in parol, is a question of fact to be determined by the jury. Leasure v. Hughes, 72 Oklahoma, 178 Pac. 696; Mass. Bonding & Insurance Co. v. Vance, 74 Oklahoma, 180 Pac. 693; Emerson-Brantingham Imp. Co. v. Ritter, 69 Oklahoma, 170 Pac. 482.

We agree with counsel for defendant that the relationship of husband and wife existing between John H. Mounts and Kate L. Mounts does not, unaccompanied by other circumstances, authorize the conclusion that John H. Mounts was the agent of his wife. Bryan et al. v. Orient Lbr. & Coal Co., 55 Okla. 370, 156 Pac. 897. But such fact may be taken into consideration, and is usually entitled to considerable weight when taken in connection with other circumstances, as tending to establish the fact of agency. 2 C. J. 440. In this case the question of whether John H. Mounts was the agent of his wife, Kate L. Mounts, in purchasing the silos was submitted to the jury under proper instructions, and we are not authorized to set aside the verdict of the jury if there is any evidence reasonably tending to support it. Dickinson v. Perry, 75 Okla. 25, 181 Pac. 504; St. Paul Fire & Marine Ins. Co. v. Robison, 72 Oklahoma, 180 Pac. 702; McCoy et al. v. Wosika et al., 75 Okla. 3, 180 Pac. 967; Strong v. Day et al. 73 Oklahoma, 176 Pac. 401.

The defendant Kate L. Mounts, although present, did not testify in the case, and we are not prepared to say there is not any evidence reasonably tending to support the verdict on the question of implied agency. This makes it unnecessary for us to discuss the evidence in connection with the assignment of error to the effect that the evidence is insufficient to show ratification, or that she is estopped to deny the agency.

Complaint is made that the court erred in admitting, over defendant's objection, plaintiff's Exhibit 5, which was a property statement executed and signed by John H. Mounts,

and Exhibit 8, which was a written lease of the land on which the silos were constructed, executed by John H. Mounts as agent of Kate L. Mounts, the date of said lease being the 27th day of September, 1915. Counsel do not attempt to show how defendant was prejudiced by the admission of the first-named exhibit, and we are at a loss to see how it could have prejudiced the rights of the defendant. Although an implied agency may be established from acts of a similar nature done a short time thereafter, it is doubtful whether this lease (Exhibit 8) was not executed too long after the silos were purchased to have been admissible to establish the fact of agency. But assuming, without deciding, that the lease was improperly admitted in evidence, it does not follow that the judgment should be reversed by reason thereof. Under section 6005, Rev. Laws 1910, this court is not permitted to reverse a case on account of the erroneous admission of evidence, unless after an examination of the entire record it appears to the court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. We have examined the record, and are of the opinion that the evidence is sufficient to support the judgment, after laying this evidence out of the case, and that the verdict returned by the jury is just and in furtherance of justice.

The judgment is therefore affirmed.

HARRISON, KANE, PITCHFORD, JOHNSON, and McNEILL, JJ., concur; RAMSEY, J., concurs in the conclusion.