## CONSOLIDATED FUEL CO. v. GUNN.

No. 10925—Opinion Filed Feb. 6, 1923.

Rehearing Denied March 27, 1923.

(Syllabus.)

1. **Corporations—Venue of Action Against Domestic Corporation.**

Under section 202, Okla. Comp. Stat. 1921, providing: "An action, other than one of those mentioned in first three sections of this article against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose"—held, where a plaintiff gave an order in Canadian county to a traveling salesman of the defendant, a domestic corporation, which order was approved at the home office of the corporation in the city of Muskogee, Muskogee county, by letter, said order and letter of confirmation constituting the contract by the terms of which the defendant sold to the plaintiff 60 cars of coal to be delivered f. o. b. the cars at the mines of the defendant in Okmulgee county, that in an action by the plaintiff for damages for breach of the contract of sale for failure to deliver the coal, the venue of such action was in Muskogee or Okmulgee county and not in Canadian county.

2. **Same—Motion to Quash Summons.**

Record examined, and held, that the court committed reversible error in not sustaining the motion of the defendant to quash the summons issued by the clerk of the court of Canadian county and served upon the defendant in Muskogee county.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by C. E. Gunn against the Consolidated Fuel Company to recover damages for breach of contract for the sale of coal. Judgment for plaintiff, and defendant brings error. Reversed and remanded with directions.

Jones, Foster & Randolph, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

KENNAMER, J. C. E. Gunn, plaintiff, was awarded $2,000 damages from the Consolidated Fuel Company, defendant, in an action in the district court of Canadian county for the breach of a contract for the sale of 60 cars of coal. The Consolidated Fuel Company prosecutes this appeal to reverse the judgment of the trial court. The judgment in favor of the plaintiff for $2,000 was entered upon the verdict of the jury finding in favor of the plaintiff. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

The material facts necessary to be considered in determining this appeal are briefly stated as follows: The defendant is a domestic corporation with its principal place of business in the city of Muskogee. C. E. Gunn, the plaintiff, is a retail merchant in the city of El Reno, and was engaged in such business on April 8, 1916. On this date a traveling salesman of the defendant company obtained from the plaintiff an order to the defendant company for 60 cars of coal to be shipped to the plaintiff during the winter season of 1916-17; 50 cars of the coal to be Dewar domestic lump at $3 per ton and ten cars to be 21-2 domestic nut at $2.50 per ton. The order for the coal was by letter written from its home office in Muskogee by the defendant company on April 10, 1916, approved. The order and letter of confirmation were attached to the plaintiff's petition, and it was alleged that the order and confirmation bound the defendant company to deliver to the plaintiff, or his order, the 60 cars of coal upon demand at any time before the 1st day of April, 1917. It was provided in the order for the coal that it was sold f. o. b. mines. The mines of the defendant were located in Okmulgee county.

The ground of the plaintiff's cause of action, as alleged in his petition, was the breach of the contract by the defendant in failing to deliver the coal.

The defendant, on May 7, 1917, specially appearing, filed a motion to quash the summons and service thereon. The motion to quash the summons and service thereon was overruled and exceptions allowed, and the overruling of the motion is assigned as error on this appeal.

An examination of the record in the case discloses that the defendant is a domestic corporation organized under the laws of the state of Oklahoma, with its principal place of business in the city of Muskogee, and that the summons was served upon the president of the company in Muskogee county. The petition filed by the plaintiff and the evidence introduced in support of the motion to quash the summons conclusively show that the contract for the sale of the coal was completed and made in Muskogee county. That the breach of contract for the delivery of the coal, if any, occurred in Okmulgee county, where the mines of the defendant company are located. The plaintiff in order to fix the venue of the action in Canadian county relies upon the act of the Legislature of March 22, 1913, Session Laws 1913, p. 133, section 202, Comp. Stats. 1921, which reads as follows:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

It is argued by counsel for the plaintiff that under the statute, supra, the plaintiff, having signed the order for the coal in Canadian county, that part of his cause of action arose in that county, and that the suit was properly instituted in said county. We are unable to agree with counsel in this contention, and under the admitted facts it is our conclusion that no part of the cause of action arose in Canadian county, and the proper venue of the action was either in Muskogee county, where the defendant company has its principal office or place of business, or in Okmulgee county, where the defendant company breached the contract by failing to deliver the coal f. o. b. the cars as provided for in the order, if there was a breach of the contract. The order given to the traveling salesman of the defendant company did not constitute a contract or bind either party until approved by the defendant company, which was done in Muskogee county. The reason the order did not constitute a contract until approved is that it lacked the essential element to constitute a contract of mutual assent; such an order until approved amounted to no more than an offer or proposal on the part of the plaintiff to the defendant. J. S. Owens Company v. Bemis et al. (N. D.) 133 N. W. 59, 37 L. R. A. (N. S.) 232; Bauman v. McManus (Kan.) 89 Pac. 15; Gould v. Gates Chair Company, 147 Ala. 629, 41 South. 675.

The general rule is that a contract is deemed to be made at the place where the final assent is given. 23 R. C. L. sec. 69; Josey v. State: 88 Ark. 269, 114 S. W. 216, 44 L. R. A. (N. S.) 463; Ward Lbr. Co. v. American Lbr. Co., 247 Pa. 267, 93 Atl. 470, 64 L. R. A. 824; Denison et al. v. Phipps, 87 Okla. 299, 211 Pac. 83.

It is plain under the authorities considered that the contract was made in Muskogee county. It was in that county that the final assent was given and the negotiations between parties became an effective agreement. It was there that the primary right of the plaintiff came into existence and the duty and obligations of the defendant became fixed toward the plaintiff. In Pomeroy on Code Remedies, sec. 453, the term "cause of action" is defined to be:

"A primary right possessed by the plaintiff and a corresponding primary duty, devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff and a remedial duty resting on the defendant springing from delict; and finally, the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action. * * *"

In the case of Oklahoma Fire Insurance Co. v. Kimple, 57 Okla. 398, 156 Pac. 301, in construing section 4674, Revised Laws 1910, providing that an action against a domestic insurance company may be brought in the county where the cause of action or some part thereof arose, in defining a cause of action this court quoted with approval the following authorities:

In the case of Jackson v. Spittal, 5 L. R. C. P., p. 542, it is said.

"A cause of action was said to arise in that jurisdiction where the act is done which gives the plaintiff his cause of complaint."

And in Durham v. Spence, 6 L. R. E. 46, it was said by Pigott, B.:

"I understand by 'cause of action' that which creates the necessity for bringing the action. No doubt, to make the act or omission complained of the cause of action, a contract must have preceded; and so also a negotiation must have preceded the making of the contract. Yet I should not include in the expression 'cause of action' that negotiation nor any of the other circumstances that might form part of the necessary evidence in the cause as the groundwork of the cause of complaint, but only the cause of complaint itself; that is, the breach."

In the same case it was also said by Chesley, B.:

"Now, the cause of action must have reference to some time as well as to some place. Does, then, the consideration of the time when the cause of action arises give us any assistance in determining the place where it arises? I think it does. The cause of action arises when that is not done which ought to have been done or that is done which ought not to have been done. But the time when the cause of action arises determines also the place where it arises, for, when that occurs which is the cause of action the place where it occurs is the place where the cause of action arises. I cannot avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action; but a cause of action does arise when and where the person who has entered into a contract does, or omits to do, that which gives a cause of action."

See College of Physicians & Surgeons of Keokuk v. E. A. Guilbert et al., 100 Iowa 213.

In the case at bar it was the alleged wrongful act of the defendant company in refusing to deliver the coal to the plaintiff f. o. b. the cars at its mines in Okmulgee county, that constituted the breach of the contract. It was this breach of duty which the plaintiff seeks to have redress for in the way of damages. The signing of an order or proposal by the plaintiff in Canadian county to be submitted to the defendant in Muskogee county vested the plaintiff with no right or in any way caused any harm to him. It in no way gave rise to any redressible wrong. We are, therefore, clearly of the opinion that no part of the cause of action arose in Canadian county as contemplated by the statute, supra.

Counsel for the plaintiff cite the case of Bruil et al. v. Northwestern Mutual Relief Association (Wis.) 39 N. W. 529, as supporting their contention that the plaintiff's cause of action partly arose in Canadian county. We do not believe the case supports the contention of the plaintiff, for in that cause the plaintiff instituted the action to recover upon an insurance policy and the insured had died in the county in which the action was instituted. It is clear in that case that it was the death of the insured which created the cause of action in favor of the beneficiary named in the policy.

In 40 Cyc. 81-84, in the discussion of the question of venue under statutes containing the provision that the action may be brought in the county where "the cause arose, or some part thereof," the rule is announced "to be a part of the cause, however,

·the act relied on for the venue must be one of the facts which, under the substantive law, constitute the cause of action." Applying the rule to the instant case the plaintiff's cause of action consisted of his primary right arising under the contract made in Muskogee county and the wrong of the defendant in violating his rights under the contract, if any, by the failure to deliver the coal on the cars in Okmulgee county.

Having concluded that the venue of the action was outside of Canadian county, it is unnecessary to consider the other assignments of error. For the reasons given, the judgment of the trial court is reversed and cause is remanded, with directions to the district court of Canadian county to sustain the motion to quash.

JOHNSON, V. C. J., and KANE, NICHOLSON, COCHRAN. and BRANSON, JJ., concur.