## DRUM et al. v. CREWS et al.

No. 16306—Opinion Filed March 23, 1926.

**1. Appeal and Error—Sufficiency of Evidence—Law Action Tried to Court.**

In a law action, where a jury is waived and the cause is submitted to the court, the judgment of the trial court will not be disturbed where there is any evidence reasonably tending to support the same.

**2. Husband and Wife—Relationship as Proof of Agency.**

The relationship of husband and wife will not, unaccompanied by other circumstances, authorize the conclusion that the husband is the agent of his wife, but such fact may be taken into consideration, and is usually entitled to considerable weight, when taken in connection with other circumstances, as tending to establish the facts of agency. Mounts v. Boardman Co. et al., 79 Okla. 90, 191 Pac. 362.

**3. Judgment Sustained.**

Record examined, and held, that the evidence reasonably tends to support the judgment of the trial court.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by H. R. Crews and W. E. Winn, partners, doing business as W. E. Winn Lumber Company, against Blanche B. Drum and B. M. Drum. Judgment for plaintiffs, and defendants brings error. Affirmed.

Arden E. Ross, for plaintiffs in error.

Bailey E. Bell and Frank Hickman, for defendants in error.

Opinion by JARMAN, C. H. R. Crews and W. E. Winn, partners, doing business as W. E. Winn Lumber Company, commenced this action against Blanche B. Drum, B. M. Drum, and A. F. Way, for judgment for material furnished for the repairing of one building and the construction of another. The action was dismissed as to A. F. Way, a jury was waived, and the cause submitted to the court, who rendered judgment for the plaintiffs, and the defendants Blanche B. Drum and B. M. Drum have appealed.

B. M. Drum has filed no brief and no error is urged in his behalf, and the appeal as to said defendant will be deemed as having been abandoned. The defendant Blanche B. Drum urges but one assignment of error, to wit, that the judgment of the trial court is not

supported by the evidence. In considering this proposition, we are controlled by the rule that, where a jury is waived and the cause is submitted to the court, the judgment of the trial court will not be disturbed where there is any evidence reasonably tending to support the same. The evidence in this case shows that B. M. Drum and Blanche B. Drum are husband and wife; that said defendants owned certain lots in the city of Tulsa which were in the name of Blanche B. Drum. A. F. Way, a contractor, was employed by B. M. Drum to make certain repairs and to construct a building on said lots. Mr. Way bought the material therefor from the plaintiffs. Mrs. Drum and her husband knew that this material was being used in repairing and constructing the building. Mr. Winn, witness for the plaintiffs, testified that after the material was furnished he presented the bill therefor to Mr. Drum, who promised to pay the same. Mr. Way testified that Mr. Drum authorized and instructed him to buy the material from the plaintiffs. Mrs. Drum testified that her husband attended to the repairing and construction of the buildings in question, and, in answer to the question whether he was acting as her agent in that capacity, stated: "Well, I suppose he did. * * *"

The rules announced by this court in the second and fourth paragraphs of the syllabus in the case of Mounts v. Boardman Co. et al., 79 Okla. 90, 191 Pac. 362, are applicable to the facts in the instant case, to wit:

"2. An implied agency may be established from words or conduct of the parties and circumstances of the particular case, and, while it is more readily inferable from a series of transactions, it may be implied from a single transaction."

"4. The relationship of husband and wife will not, unaccompanied by other circumstances, authorize the conclusion that the husband is the agent of his wife, but such fact may be taken into consideration, and is usually entitled to considerable weight when taken in connection with other circumstances, as tending to establish the facts of agency."

Under the foregoing rules, the trial court was justified in finding that B. M. Drum acted as the agent of Mrs. Drum in causing the material to be purchased from the plaintiffs, and therefore the evidence reasonably tends to support the judgment.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 879 § 2853; 2 R. C. L. p. 202; I R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 30 C. J. 848 § 524; p. 850 § 525;

anno. L. R. A. 1918F, 20 et seq.; 4 A. L. R. 1030; 13 R. C. L. p. 1167 et seq.; 3 R. C. L. Supp. p. 126; 4 R. C. L. Supp. p. 850. (3) 4 C. J. p. 1130 § 3122.