AMERICAN BODY & TRAILER CO. et al. v. HIGGINS, Dist. Judge.

No. 31823. Nov. 28, 1944.

Rehearing Denied March 27, 1945.

*156 P. 2d 1005.*

Hal Whitten and Whitten & Whitten, all of Oklahoma City, for petitioners.

W. T. Anglin, Alfred Stevenson, and O. S. Huser, all of Holdenville, for respondent.

GIBSON, V.C.J. Petitioners are the defendants in cause No. 18,946 upon the docket of district court of .Pittsburg county, instituted by C. W. Burgess, doing business as Lone River Bus Company, as plaintiff, to recover damages for breach of terms of sale contract. The goods purchased by plaintiff were five bus bodies to be mounted at Richmond, Ind., upon chassis to be chosen by plaintiff and to be delivered f.o.b. at Richmond, Ind. The alleged breach relied upon for recovery was the failure of defendants as sellers to provide bodies with extra seats and paint finish in accordance with specifications of the purchase contract, which breach occurred without the state. As basis for laying venue in Pittsburg county, there is alleged in plaintiff's petition the following:

"Plaintiff is a resident of Pittsburg county, Oklahoma; that the defendant, American Body and Trailer Company, a corporation, is an Oklahoma corporation, with principal place of business in Oklahoma City, and that the defendant Lavine Pitts is a resident of Oklahoma county; that the subject matter of this suit, to wit: The contract for purchase of goods, hereinafter described, was made in Pittsburg county, Oklahoma, and that this court has jurisdiction over this cause."

Summons was served upon defendants in Oklahoma county and they, appearing specially, filed separate motions to quash upon common grounds to the effect the contract was not made in Pittsburg county, that no part of plaintiff's alleged cause of action arose in Pittsburg county, that the true venue of said action lay in Oklahoma county, the place of their residence, and that said court was without jurisdiction to proceed in said action.

Upon the issue thus made evidence was heard. The trial court, being of the opinion that the contract involved was consummated in Pittsburg county, and

therefore a part of plaintiff's cause of action arose therein, held that said court had jurisdiction and overruled the motions and gave time to plead. Defendants excepted to the ruling of the court and tender as an exhibit to their petition for writ a transcript of the proceedings in said cause, including the evidence adduced on the issue made on said motions.

The essential facts are undisputed. The defendant American Body & Trailer Company is an Oklahoma corporation with its principal place of business in Oklahoma City, and had neither officers nor representatives stationed in Pittsburg county. The defendant Pitts is a resident of Oklahoma City and a salesman for said corporation. The authority of Pitts as salesman is fixed by the terms of a written contract of employment which provides "all sales are to be approved by the general office at Oklahoma City." Previous to the transaction involved the corporation had sold to one King of McAlester 20 bodies which were not yet delivered. That sale was negotiated by Pitts, handled on printed form and approved by the corporation. Through some understanding with King the details of which are not disclosed and to which plaintiff was not a party, five or more of such bodies were released by King in order that same might be sold to the plaintiff. The negotiations for the sale of such bodies were conducted orally between Pitts and the plaintiff at the offices of the plaintiff on the night of October 6, 1942, and upon the conclusion thereof Pitts agreed to write plaintiff a letter from Oklahoma City giving an analysis of the sale contract. On the following day a letter, dictated by Pitts, giving such analysis was written in Oklahoma City over signature of the corporation. During the oral negotiations nothing was said concerning the relationship between the corporation and Pitts and the plaintiff believed that Pitts was acting as a principal, and when said letter was received believed the signature thereto to be a trade name under which Pitts was acting. Pitts, while admitting that

nothing was said about his relationship to the corporation, testified that he was acting as salesman on its behalf but with no authority to conclude a sale without its approval and that the letter was written after conference with the officials thereof who were thus fully advised. A. R. King, president and general manager of the corporation, testified that Pitts at time of negotiation had no authority from corporation other than expressed in the salesman's contract, and testified formal approval of a sale was not a rule of practice and that if a proposed sale was good they filled the order and if not considered good they so notified the purchaser, and that in this instance they considered the sale a good one. Payment for bus bodies was made previous to delivery of bodies by check drawn on First National Bank of McAlester.

The basic question presented is whether the venue of the action lay without Pittsburg county. If not without, the application must fail. If without, there is the further question whether prohibition is available and a proper remedy.

The action is transitory, and not being within the statutory exceptions thereto, the venue is to be determined by Title 12, sec. 139, O. S. 1941, providing that ". . . action must be brought in the county in which defendant or some one of the defendants resides or may be summoned, . . ." as qualified by section 134 of same title to the effect such action against a domestic corporation "may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

Under the facts, in light of the statutes quoted, the venue as to defendant Pitts is Oklahoma county unless his codefendant, the corporation, may be sued in Pittsburg county, and whether it may be so sued depends herein on whether the cause of action or some part thereof arose in that county.

It is urged on behalf of petitioners, on authority of Consolidated Fuel Co. v. Gunn, 89 Okla. 73, 213 P. 750, that the contract of the corporate defendant did not arise until its assent thereto which was given in Oklahoma county and that such fact precluded venue in Pittsburg county as alleged. It is urged on behalf of respondent that the Gunn Case is not in point by reason of dissimilarity of facts; that the oral negotiations in Pittsburg county constituted the contract; that in conducting such negotiations Pitts was the agent of the corporation, an undisclosed principal, and cites and relies upon as controlling the case of Mounts v. Boardman Co., 79 Okla. 90, 191 P. 362, which is quoted to the effect that where agent contracts without disclosing his principal, the latter when discovered may be held. It is also urged that payment through check drawn on a McAlester bank is sufficient to lay venue in Pittsburg county.

The difference between the facts in the instant case and those in Consolidated Fuel Co. v. Gunn, supra, is not such as to require the application of any different principle of law and the principle there announced and applied is fully applicable and controlling here. The case of Mounts v. Boardman, while pertinent on the question of liability of undisclosed principal, did not involve a question of venue and in no wise conflicts with Consolidated Fuel Co. v. Gunn.

In Consolidated Fuel Co. v. Gunn, supra, a traveling salesman of the company, a domestic corporation with its principal place of business in the city of Muskogee, obtained from C. E. Gunn, a retail coal merchant in the city of El Reno, an order for 60 cars of coal to be delivered on demand f.o.b. mines in Okmulgee county. The order procured by the salesman was confirmed by letter of company written in Muskogee. Coal was not delivered in pursuance of contract and Gunn brought suit in Canadian county for damages. Objection to venue was made and reviewed by this court on appeal, where it was held that venue lay in either Muskogee or Okmul-

gee county. The basis of the holding is reflected in the following language:

"In 40 Cyc. 81-84, in the discussion of the question of venue under statutes containing the provision that the action may be brought in the county where 'the cause arose, or some part thereof,' the rule is announced 'to be a part of the cause; however, the act relied on for the venue must be one of the facts which, under the substantive law, constitute the cause of action.' Applying the rule to the instant case the plaintiff's cause of action consisted of his primary right arising under the contract made in Muskogee county and the wrong of the defendant in violating his rights under the contract, if any, by the failure to deliver the coal on the cars in Okmulgee county."

That which is most material here is the test applied by the court in determining that the primary right there involved arose in Muskogee county. Such is to be found in the following:

"The order given to the traveling salesman of the defendant company did not constitute a contract or bind either party until approved by the defendant company, which was done in Muskogee county. The reason the order did not constitute a contract until approved is that it lacked the essential element to constitute a contract of mutual assent; such an order until approved amounted to no more than an offer or proposal on the part of the plaintiff to the defendant. J. S. Owens Co. v. Bemis et al., 22 N.D. 159, 133 N.W. 59, 37 L.R.A. (N.S.) 232; Bauman v. McManus, 75 Kan. 106, 89 P. 15; Gould v. Cates Chair Co., 147 Ala. 629, 41 South. 675.

"The general rule is that a contract is deemed to be made at the place where the final assent is given. 23 R.C.L. sec. 69; Josey v. State, 88 Ark. 269, 114 S.W. 216, 44 L.R.A. (N.S.) 463; Ward Lbr. Co. v. American Lbr. Co., 247 Pa. 267, 93 Atl. 470, 64 L.R.A. 824; Denison et al. v. Phipps, 87 Okla. 299, 211 P. 83.

"It is plain under the authorities considered that the contract was made in Muskogee county. It was in that county that the final assent was given and the negotiations between parties became an effective agreement. It was there that

the primary right of the plaintiff came into existence and the duty and obligations of the defendant became fixed toward the plaintiff. In Pomeroy on Code Remedies, sec. 453, the term 'cause of action' is defined to be:

" 'A primary right possessed by the plaintiff and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff and a remedial duty resting on the defendant springing from delict; and finally, the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty of the delict or wrong combined constitute the cause of action. . . .' "

The doctrine so announced is fundamental and necessarily applicable to any case where the place of the creation of the right involved is determinative of the venue of action thereon.

If the questions here were the place of the contract between plaintiff and defendant Pitts as a principal, actual or deemed accountable as such, the place of the requisite assent would clearly be Pittsburg county. Malernee v. Driebelbis, 173 Okla. 68, 46 P. 2d 911. Such fact, however, standing alone, is insufficient under said section 139 to fix venue in Pittsburg county as to Pitts. An important deduction to be made from that opinion is that the fact of liability under a contract is not the criterion of venue, and further, that while the place of assent by Pitts is immaterial as to venue as to him, the place of the assent of the corporate defendant is, in this instance, the sole criterion of venue as to it, and incidentally as to Pitts as codefendant.

Hence the decisive question here is, where was the assent of the corporate defendant given, or more particularly, was the assent of Pitts given in Pittsburg county the assent of the corporation, or did such assent arise from subsequent acts of corporation done in Oklahoma county?

In order to find that the corporate assent was given in Pittsburg county, it must appear that Pitts as agent had plenary authority at time of oral negotiations to give the corporate assent and was acting on its behalf. Shenners v. Adams, 46 Okla. 368, 148 P. 1023. The fact that the principal was not disclosed would not alter the effect of the assent so given, if authorized, unless it clearly appears that plaintiff intended to give exclusive credit to Pitts. Such is the holding in Mounts v. Boardman, supra, cited and relied upon by respondent. Whether as stressed by petitioners the plaintiff gave such exclusive recognition to Pitts as principal as to preclude liability of the corporation, and whether by electing to sue the corporation as principal Pitts is thereby released from liability, are questions pertaining to the merits of the action and are not properly to be considered herein.

Agency is not presumed and the burden of proof thereof rests ordinarily upon the one relying upon it. Sand Springs Home v. Perin Engineering Co., 173 Okla. 142, 47 P. 2d 142; Black v. Warren, 178 Okla. 216, 62 P. 2d 88. And this is true to the extent of requiring one dealing with an agent to discover at his peril whether such agent has power to do the proposed act. McCall et al. v. Monarch Royalty Corp., 179 Okla. 213, 64 P. 2d 871. So far as disclosed by the evidence, Pitts had no greater authority than that of salesman as defined in the contract of employment. In fact, even any apparent authority as agent that might ordinarily arise from the circumstances attending the transaction is negatived by the fact that Pitts from the viewpoint of the plaintiff was acting on his own responsibility. Such being true, the contractual relation of the corporation to the plaintiff did not arise until it gave assent to the contract, which is first reflected in the letter. If the sale was made by Pitts in pursuance of his authority as salesman, the confirmatory letter of the corporation written at Oklahoma City, which necessarily involves an approval, evidences the time and place of such assent. If Pitts acted independently of his capacity as salesman, such letter which would amount to an adoption of the contract as its own would reflect the necessary assent. In either event it must be held the plaintiff had no right under the contract against the corporate defendant until the assent reflected by said letter. And the place of such assent being in Oklahoma county precludes Pittsburg county as place where such assent was given.

In support of contention that venue lay in Pittsburg county by reason of payment being made by check drawn on a bank located in city of McAlester, there are cited Liberty National Bank of Weatherford v. Simpson, 187 Okla. 274, 102 P. 2d 844, and other cases to establish the rule that delivery of check does not operate as payment unless accepted as such and when not so accepted the payment is effected at and when honored by the bank on which drawn.

Such rule, however pertinent to cases where the right to payment or the place of payment is the subject of breach or necessarily involved, is not material on the question of venue of action based on a different right though rising under the same contract. This distinction is recognized in the case of Commonwealth Co. v. Bradburn, 170 Okla. 403, 40 P. 2d 1035. And the basis of the distinction is made on authority of Consolidated Fuel Co. v. Gunn, supra. The applicable holding of the Gunn Case is to be found in the following excerpt from the language of the court hereinbefore quoted:

"to be a part of the cause, however, the act relied on for the venue must be one of the facts which, under the substantive law, constitute the cause of action."

An application of the quoted holding to the facts of the instant case excludes the idea that the place of actual payment is material on the question of venue herein. The cause of action here rests upon two facts. One is the right of plaintiff, which is reflected in a corresponding duty of defendant, to have had the bodies finished according

354

to certain specifications before the delivery thereof. The other is the alleged failure to so complete the bodies, which constitutes the breach. The place of delivery was Richmond, Indiana. The only constituent fact of the cause of action that arose within the state is that of the accrual of the right violated, which as we have seen arose in Oklahoma county by reason of the fact it was there the assent or adoption by defendant corporation occurred. Whether payment was or was not made could not alter the recited facts which under the statute are the sole criterion of the venue herein, even though such question might be material in applying the remedy, and such is especially true here where the place of payment is not a term of the contract.

In view of the conclusions reached, it follows that no part of plaintiff's cause of action against defendant corporation arose in Pittsburg county, and hence said county is not the venue provided by statute for said action as against either of said defendants.

In support of the application for the writ, petitioners cite and rely on First National Bank v. Henshaw, 169 Okla. 49, 35 P. 2d 898, on authority of which it is urged that the trial court is without jurisdiction, and Atlas Life Ins. Co. v. Randle, 190 Okla. 680, 126 P. 2d 517, which is said to be to the same effect. On behalf of respondent it is urged the Henshaw Case is not applicable for the reason the court was seeking to exercise jurisdiction over one not a party to the action, while in the Randle Case, where defendants were served, they sought and obtained relief on appeal after judgment and not through prohibition. And it is further urged on authority of the Randle Case and State ex rel. Britton et al. v. District Judge et al., 181 Okla. 286, 73 P. 2d 457, and others cited, that the writ should not

issue because there is an adequate remedy by appeal.

The arguments presented are not directly to the point of the issue here involved, nor are the cited cases decisive thereof. The issue here, which is whether prohibition may be invoked by one deprived of the privilege afforded by the statutes of venue where he has made timely objection to the exercise of jurisdiction by the trial court, was squarely presented and decided by this court in the case of Mills v. District Court of Lincoln County et al., 187 Okla. 247, 102 P. 2d 589. Inasmuch as the Mills Case in no wise conflicts with the doctrines of the cited cases, it is unnecessary to discuss such cases for purpose of distinguishment in order to apply the doctrine announced in the Mills Case. Mills, a resident of Creek county, was sued in the district court of Lincoln county and served with process directed to Creek county. He appeared specially, objecting to jurisdiction of his person in violation of provisions of 12 O. S. 1941 § 139. Such objection being overruled, writ of prohibition was sought. This court, holding that the action was transitory and defendant Mills had in no way waived his right to invoke the privilege of the venue statute, granted the writ. The language of the court which fully meets the issue here is:

"We conclude that respondent is attempting to exercise excessive and unauthorized judicial power, and that the remedy by appeal is not adequate."

Having found that no part of the cause of action arose in Pittsburg county, which under the facts in this case would be necessary to the proper exercise of jurisdiction of the corporate defendant and without which the exercise of jurisdiction over defendant Pitts would not be authorized, we hold the question here is governed by the law as announced in the Mills Case.

Writ granted.