CAPITAL COMPRESSED STEEL CO. v. PRATT et al.

No. 34506. Nov. 27, 1951.

Rehearing Denied Dec. 18, 1951.

*239 P. 2d 396.*

Aaron Mesirow and Herman Merson, Oklahoma City, for plaintiff in error.

Robert B. Harbison, Altus, for defendants in error.

PER CURIAM. Minot Pratt and D. L. Boyd, partners doing business as Minot Pratt Company, plaintiffs, were awarded judgment against the Capital Compressed Steel Company, a corporation, defendant in action in the district court of Jackson county in the sum of $3,283.31, being the value of four cars of scrap metal f.o.b. Altus, Oklahoma. A jury was waived and the case was tried to the court. The parties will be referred to as plaintiff and defendant as they appear in the trial court.

The facts necessary to be considered in determining this appeal are briefly stated as follows: The plaintiff agreed to sell and the defendant agreed to purchase not less than 15 carloads and not more than 30 carloads of airplane steel scrap at $15 per gross ton under purchase order of the defendants, a domestic corporation, with principal office located in Oklahoma City. The purchase order was signed in Oklahoma county. Price to be paid was f.o.b. Altus, Oklahoma. All except the last four cars under contract were paid for by defendant. Altus is in Jackson county, Oklahoma.

The only proposition presented in brief of defendant as ground for reversal is as follows: The trial court was without jurisdiction of the cause for the reason that neither the cause of action nor some part thereof arose in Jackson county, Oklahoma.

The statute governing venue of Domestic Corporations is Title 12 O.S.A. §134, and is as follows:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned or in the county where the cause of action or some part thereof arose."

Consolidated Fuel Co. v. Gunn, 89 Okla. 73, 213 P. 750, held in part as follows:

" . . . where the plaintiff gave an order in Canadian County to a traveling salesman of the defendant, a domestic corporation, which order was approved at the home office of the corporation in the City of Muskogee, Muskogee County, by letter, said order and letter of confirmation constituting the contract by the terms of which the defendant sold to the plaintiff 60 cars of coal to be delivered f.o.b. the cars at the mines of the defendant in Okmulgee County, that in an action by the plaintiff for damages for breach of the contract of sale for failure to deliver the coal, the venue of such action was in Muskogee or Okmulgee County and not in Canadian County."

Oklahoma Electric Supply Co. v. Elsing, 186 Okla. 122, 96 P. 2d 530, held in part as follows:

"An action against domestic corporation for failure of refrigerating appliances purchased from corporation to properly function was maintainable in county in which fixtures were sold and installed as against contention that action was maintainable only in county where principal place of business of corporation was located."

After reading the Oklahoma cases cited in the defendant's brief and other Oklahoma cases covering the question herein involved, we find only two cases which appear to be contrary to the above. However, they can readily be distinguished.

In Tuloma Oil Co. v. Johantgen, 107 Okla. 92, 230 P. 264, suit arose out of contract for drilling oil wells in Garfield county for a domestic corporation with its principal office and place of business in Tulsa county. The defendant corporation executed notes to secure the amount due for cost of drilling of the wells. Suit was brought upon the notes in Garfield county. The court held because the notes were executed and were made payable at Tulsa county, suit could not be maintained thereon in Garfield county.

In American Body & Trailer Co. v. Higgins, 195 Okla. 349, 156 P. 2d 1005, a resident of Pittsburg county, Oklahoma, entered into contract to purchase five bus bodies from a domestic corporation with principal offices in Oklahoma county. The contract was accepted by the corporation in Oklahoma City. The contract provided that the bus bodies would be delivered to purchaser f.o.b. at Richmond, Indiana. The court held that suit could not be maintained on the contract in Pittsburg county.

Obviously, the facts in the last two cases are entirely different than the facts in the case now before the court.

The record shows a letter signed by Minot Pratt Company by W. L. Lewis, stating that payments should be made at Clinton, Oklahoma. The evidence does not show that W. L. Lewis had any authority to write such letter. The trial court in effect held the letter had no bearing on the issue in this case. We think the trial court is correct.

Because the scrap metal sold the defendant was delivered f.o.b. cars at Altus, Oklahoma, "the cause of action or some part thereof" arose in Jackson county and the district court of Jackson county had venue of this action.

The judgment of the trial court is affirmed.

This Court acknowledges the services of Attorneys Richard Martin, Douglas C. Garrett, and William B. Moore, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma

Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.