**HOLT v. MODERN MOTORS, Inc.**
No. 35501.

Supreme Court of Oklahoma.
Dec. 22, 1953.

Lon Kile, Hugo, for plaintiff in error.

Reily & Reily, Shawnee, for defendant in error.

JOHNSON, Vice Chief Justice.

This action was commenced by plaintiff in Choctaw County. He caused summons to be served on the defendant in Pottawatomie County. No service was had in Choctaw County. The defendant appeared and objected to the jurisdiction of the court on the ground that the venue of the action was in Pottawatomie County and not in Choctaw County. This objection was overruled and the cause went to trial on the issues presented by the pleadings. The defendant reserved the right to raise the issue of venue of the action.

The record discloses on the 15th day of September, 1946, Sam A. Holt, hereinafter called plaintiff, purchased from a partnership at Hugo, Oklahoma, consisting of Wallace Miller and Guy Young, a secondhand motor. This motor was delivered from the establishment of Modern Motors, Inc., Shawnee, Oklahoma, direct to plaintiff at Soper, Oklahoma. The defendant, Modern Motors, Inc., hereinafter referred to as defendant, picked up a secondhand motor owned by plaintiff, Sam A. Holt, took it to Shawnee where, upon examination, it was determined to be unfit for acceptance and was returned to plaintiff through the Motor Sales Company of Hugo, Oklahoma, it being shipped from Modern Motors, Inc., at Shawnee, Oklahoma, direct to Motor Sales Company, who delivered it to plaintiff.

Plaintiff testified that he purchased the reconditioned motor from Motor Sales Company at Hugo, Oklahoma, for $235. He paid them this amount; that he was informed by one of the partners that he could obtain a credit of $90 if his used motor was in an acceptable condition; that some few days after he received the motor from the Motor Sales Company, the defendant picked up his motor and delivered it in the same crate that had contained his reconditioned motor to its place of business in Shawnee, Oklahoma. Plaintiff obtained

no credit in the sum of $90 or any other amount. Thereupon he began an attempt to either secure the adjusted price of $90 or the motor; that finally the motor was returned with a statement that the block was cracked; that all of the working parts of the motor had been removed. He testified as to the value of these parts.

Guy Young, one of the partners in the Motor Sales Company, of Hugo, Oklahoma, testified and his testimony does not materially differ from that of plaintiff.

At the conclusion of the testimony offered on behalf of plaintiff defendant demurred to the evidence. The demurrer was sustained and judgment was entered for the defendant. Prior to the time the demurrer was sustained and after the demurrer had been lodged plaintiff moved to amend by alleging a bailment of the motor to the defendant. The court denied this amendment.

In this proceeding plaintiff has raised three issues. The first is the court erred in sustaining a demurrer to the evidence for the reason the evidence disclosed a contract made between the Motor Sales Company of Hugo, Oklahoma, and the defendant for the benefit of plaintiff. Plaintiff also argues the evidence discloses the right of action on this contract arose in Choctaw County. Plaintiff cites on these two propositions Oklahoma Electric Supply Co. v. Elsing, 186 Okl. 122, 96 P.2d 530; Harlow Pub. Co. v. Pennel & Harrison, 179 Okl. 360, 65 P.2d 1206; Capital Compressed Steel Co. v. Pratt, 205 Okl. 491, 239 P.2d 396; Consolidated Fuel Co. v. Gunn, 89 Okl. 73, 213 P. 750; and Miller v. Delameter, 171 Okl. 506, 43 P.2d 782. We shall discuss these first two propositions together.

■ It is contended that under the rule announced in Miller v. Delameter, supra, the evidence discloses a contract made for the benefit of plaintiff. With this contention we cannot agree. The evidence discloses that Motor Sales Company of Hugo, Oklahoma, received a used motor and by agreement between plaintiff and the Motor Sales Co. of Hugo, Oklahoma, this motor was to be delivered to defendant at Shawnee, Oklahoma, to be checked and if upon checking it proved to be a fit motor and was accepted by defendant Motor Sales Company, then the Motor Sales Company would allow plaintiff a credit of $90. The evidence discloses without dispute that during this check certain parts were removed from the block of the motor. Assuming, without deciding, that the evidence supports a damage to the plaintiff by reason of the removal of these parts this was a matter purely between plaintiff and defendant, and plaintiff should have sought relief for the value of the parts wrongfully taken in an action in Pottawatomie County, the legal residence of defendant. Under the above evidence there was no contractual relationship between plaintiff and defendant.

In Consolidated Fuel Co. v. Gunn, supra [89 Okl. 73, 213 P. 752], relied upon by plaintiff, it is stated:

"In the case of 'Jackson v. Spittal, 5 L.R.C.P. p. 542, it is said:

" 'A cause of action was said to arise in that jurisdiction where the act is done which gives the plaintiff his cause of complaint.' "

The "act done" here was the alleged taking of the parts from the block of the motor; that damage was done and the cause of action arose in Pottawatomie County.

■ In the second and final proposition plaintiff argues the court erred in refusing to allow him to make a trial amendment alleging a bailment of the motor to defendant. If anyone bailed anything, plaintiff bailed a motor to the Motor Sales Company. There was no contractual obligation arising on this bailment between plaintiff and defendant. There was no error in refusing the trial amendment.

Judgment affirmed.

HALLEY, C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.