S. J. SARKEYS and S. J. Sarkeys, Inc., a corporation, Plaintiffs in Error,

v.

Fielding D. HAAS, Defendant in Error.

No. 40627.

Supreme Court of Oklahoma.

May 25, 1965.

Hal S. Whitten, Whitten & Whitten, Oklahoma City, for plaintiffs in error.

Ben Huey and Person E. Woodall, Norman, for defendant in error.

IRWIN, Justice.

Defendant in error, Fielding D. Haas, referred to as plaintiff, commenced proceedings against S. J. Sarkeys, an individual, and Sarkeys, Inc., a corporation, referred to as defendants, to recover attorney's fee allegedly due him. Plaintiff's action was predicated on the grounds that he had, at the request of defendants and each of them, commenced to perform and did perform professional services as an attorney in connection with an action pending against defendants in Dewey County, Oklahoma.

In addition to defendants' challenge to the venue and jurisdiction of the Cleveland County District Court, several pleadings were filed by both parties. The cause was submitted to a jury and it returned a verdict for plaintiff.

Thereafter, plaintiff filed a motion to assess costs against defendants. In this motion plaintiff sought to assess as costs certain expenditures made by plaintiff in the prosecution of the action against defendants and his attorney fees. The trial court ordered part of plaintiff's expenditures be assessed as costs against defendants and denied other costs which included plaintiff's attorney fees.

Defendants filed a motion for a new trial which challenged the judgment rendered on the verdict of the jury and the trial court's order assessing costs. Plaintiff filed a motion for a new trial challenging that portion of the trial court's order which denied him an attorney's fee in the prosecution of the instant action.

Plaintiff's and defendants' motions for new trials were overruled. Defendants perfected an appeal and plaintiff cross-appealed and seeks a new trial on the issue of attorney fees.

PROPOSITION I

Defendants contend that at the time of the commencement of the action, defendant Sarkeys was a resident of Oklahoma County; that the defendant corporation's offices were in Oklahoma County; and as between Cleveland County and Oklahoma County, the venue was in Oklahoma County and not Cleveland County; that since plaintiff is suing for reasonable value of services rendered, and since the services were rendered in defending an action in Dewey County, venue of the present action would be limited to either Dewey County or Oklahoma County; and that the question of venue is a matter of jurisdiction and the question of venue having been raised, the motion to quash the service of summons should have been sustained and the cause dismissed because the trial court was without jurisdiction.

Without question, the agreement for the employment of plaintiff to perform the legal services was entered into in Cleveland County. This was the testimony of plaintiff and the same was not denied by Sarkeys. One witness, who said he was in charge of defendants' operations, admitted that Sarkeys consented to the employment of plaintiff in defendants' offices located in Cleveland County.

Therefore, the question of venue can be resolved by determining the following issue: "Where an attorney enters into an agreement with a corporation and an individual in Cleveland County for the attorney to defend an action pending against the corporation and the individual in Dewey County, and the corporation subsequently moves its offices to Oklahoma County and the individual moves to Oklahoma County, does the Cleveland County Court have venue of an action brought for recovery of the attorney's fees under the agreement of employment against the corporation and individual where service of summons are had in Oklahoma County and the corporation and individual challenge the venue of the Cleveland County Court?"

Title 12 O.S.1961, § 154, provides that where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request. Therefore, if the present action was rightly brought against the corporate defendant in Cleveland County, the Cleveland County Court had venue of the action and jurisdiction over the corporate and individual defendants.

Title 12 O.S.1961, § 134, provides that "An action, * * * against a corporation * * * may be brought * * * in the county where the cause of action or some part thereof arose."

In American Body & Trailer Co. v. Higgins, 195 Okl. 349, 156 P.2d 1005, the case of Consolidated Fuel Co. v. Gunn, 89 Okl. 73, 213 P. 750, was cited with approval. In the Consolidated case this Court held that " * * * [W]here the plaintiff gave an order in Canadian County to a traveling salesman of the defendant, a domestic corporation, which order was approved at the home office of the corporation in the city of Muskogee, Muskogee county, by letter, said order and letter of confirmation constituting the contract by the terms of which the defendant sold to the plaintiff 60 cars of coal to be delivered f. o. b. the cars at the mines of the defendant in Okmulgee county, that, in an action by plaintiff for damages for breach of the contract of sale for failure to deliver the coal, the venue of such action was in Muskogee or Okmulgee county, and not in Canadian county."

In the body of the opinion, it was pointed out that venue was in Muskogee County because the contract became an effective agreement in that county and that "It was there that the primary right of the plaintiff came into existence and the duty and obligations of the defendant became fixed toward the plaintiff."

■ Whether venue of the present action could have been in Oklahoma County or Dewey County is not an issue but we are only concerned as to whether venue was in Cleveland County. Since the agreement for the contract of employment was made in Cleveland County the primary right of the plaintiff came into existence and the duty and the obligations of the defendants became fixed in Cleveland County. It could not be said that this is not some part of the cause of action for it forms the basis for plaintiff's cause of action. We therefore hold that the Cleveland County court had venue of the present action and the trial court did not err in overruling defendants' motion to quash the service of summons and refusing to dismiss the action.

## PROPOSITION II

Defendants contend the trial court committed error in admitting incompetent evidence which prevented defendants from having a fair trial.

One part of this contention relates to the introduction of testimony by plaintiff

of one attorney and the deposition of another attorney concerning the value of legal services rendered by plaintiff to defendants in the Dewey County case. The two attorneys were the opposing counsel in the Dewey County case.

Although there were some objections lodged against the testimony and the deposition, such objections do not relate to the error complained of in this appeal nor did defendants move that the testimony and deposition be stricken.

■ In Colorado Interstate Gas Company v. Lorenz, Okl., 330 P.2d 583, we held:

"This court will not consider alleged errors of the trial court as to admission or rejection of testimony unless such alleged errors appear in the record of the case, and objections were made thereto in the trial court."

See also, Vol. 2, Oklahoma Digest—Appeal and Error, ☜204(1).

■ Since defendants failed to object to the evidence complained of, the same will not now be considered as an alleged error.

■ Under this same contention, defendants argue that they were denied a fair trial by reason of introduction of incompetent and prejudical evidence. In this connection, plaintiff testified in great detail concerning the work he performed in the Dewey County litigation. The pleadings, demurrers, motions, etc., were introduced in evidence as well as the opposing counsel's trial brief and supplemental brief in the Dewey County case. Defendants propose that the introduction of, over its objections, the briefs, etc., prepared by opposing counsel in the Dewey County case, had the effect of indicating to the jury that all the work done on both sides in the Dewey County case was the work of the plaintiff.

Defendants cite no authority to sustain this contention and from an examination of the record it does not appear that the jury could have possibly been misled in believing that plaintiff had prepared the pleadings, briefs, etc., of the opposing counsel in the Dewey County action, and we can not find that defendants' rights were prejudiced under the facts herein presented.

## PROPOSITION III

Defendants contend the trial court erred in giving certain instructions for the reason that the instructions failed to submit to the jury all of the elements that should be considered in assessing attorney fees. The insufficiency of the instructions are challenged on the grounds that there were no instructions to consider (a) the customary charges in the locality involved for similar services, (b) that while plaintiff was performing the services for defendants he was not precluded from representing other clients or deprived from other employment, (c) that plaintiff was not on a contingency fee basis but there was certainty of compensation for services rendered, and (d) the character of the employment, i. e., whether such services were for a casual or established client, and that plaintiff was attempting to establish a permanent attorney-client relationship with defendants.

Although defendants interposed the proper objections to the instructions complained of, they submitted no requested instructions and the import of their argument is that the trial court failed to instruct on all of the elements that should have been submitted in assessing the attorney fees.

In Mullinix Construction Company v. Myers, Okl., 358 P.2d 187, we held that where the instructions do not cover special theories or defenses relied upon, the complaining party is bound to call the trial court's attention to the omission by an appropriate request for additional instructions or he will be precluded from making such failure available as reversible error.

In City of Altus v. Martin, 185 Okl. 446, 94 P.2d 1, we held:

"In the trial of a law case before a court and jury, it is the duty of counsel to give attention to the instruction which the court gives to the jury, and if, in their opinion, the court has failed

to give a proper instruction covering the measure of damages, to call attention to the court to such question, and to request or submit appropriate suppletory instructions on this subject; and, where counsel content themselves by saving a mere technical objection and fail to timely present a requested instruction embodying their theory of the applicable law as applied to the evidence, the cause will not be reversed where it appears that such error, if any, is based solely upon an improper instruction covering such measure of damages, provided said instructions taken as a whole did not mislead the jury and produce a verdict against the evidence."

In Render v. Richardson, 168 Okl. 122, 31 P.2d 923, we held:

"Where the instructions given are applicable to the evidence, so far as they go, and set forth with reasonable fullness the general principles applicable to the case, or to a particular issue, a party desiring further or more particular instructions should request them, and in the absence of such request he cannot complain of omissions in the charge unless it plainly appears that the jury was misled by such omissions. * * *"

■■ It was the duty of the trial court, on its own motion, to properly instruct the jury. The instructions set forth with reasonable fullness the general principles applicable to the elements that should be considered in assessing attorney fees and were not misleading to the jury. If defendants wanted further or more specific instructions to be submitted, they should have requested instructions embodying those specific elements. Since they failed to submit further or more specific instructions and the instructions given were sufficient and did not mislead the jury, defendants can not now complain that the instructions in the instant action may not have included all the elements that defendants propose should have been submitted to the jury.

## PROPOSITION IV

Defendants contend that the amount of the verdict is excessive.

■ In Wolfe v. Campbell, 107 Okl. 112, 230 P. 506, we held that in an action brought for attorney fees, the issue as to what would be a reasonable fee for services rendered is an issue of fact to be determined by the jury.

In Cornelius v. Smith, 73 Okl. 217, 175 P. 754, we held that in an action to recover attorney fees, a verdict in such action should not be vacated on the ground that it is excessive, unless it appears that the same is so excessive as per se to indicate passion or prejudice on the part of the jury.

We can find no distinction in our review of the instant action and in our reviews of action for damages for personal injuries. In such actions we have held that this Court will not set a judgment aside because of excessive damages, unless the amount awarded clearly shows that the jury was actuated by passion, partiality or prejudice. See Independent-Eastern Torpedo Co. v. Price, 208 Okl. 633, 258 P.2d 189. In Chicago, Rock Island & Pacific Railroad Co. v. Kinsey, Okl., 372 P.2d 863, we recognized the rule that where the evidence reasonably supports the verdict and the same is approved by the trial court, this Court will not find the verdict excessive in the absence of an affirmative showing of probable bias, passion, or prejudice of the jury.

We have heretofore determined that the jury was properly instructed on the issue in question and the evidence reasonably supports the verdict. Since the defendants have failed to show that the jury was actuated by passion, partiality or prejudice, we will not on appeal, reverse the judgment rendered thereon or require a remittitur.

## PROPOSITION V

Plaintiff filed a motion to assess costs and the trial court assessed as costs against defendants the sum of $12.01 expended by plaintiff in securing engineering information and $100.00 paid by plaintiff to an expert to secure an engineering valuation of the mineral properties involved in the

Dewey County litigation. Both of these expenses were incurred in the prosecution of the present action.

Defendants contend there is no authority for assessing such expenditures as costs. Plaintiff contends that the assessment of such costs is within the discretion of the trial court and unless there is an abuse of discretion, the trial court's ruling must stand.

■ In Kerr v. United Collection Service, Okl., 267 P.2d 611, we said there is no common law rule that permits recovery of expenses of litigation and if any such rights exist it must be statutory.

■ We find no statutory authority and plaintiff cites none for the assessment of the above costs against the defendants. We therefore must reverse this portion of the trial court's order which assessed such cost.

### PLAINTIFF'S CROSS-APPEAL

In plaintiff's motion to assess costs against defendants, plaintiff sought a reasonable attorney's fee to be fixed by the court on the grounds that this was an action to recover on an open account and that the same should be taxed and collected as costs as provided by Title 12 O.S.1961, § 936. The trial court found that plaintiff was not entitled to an attorney's fee under the said statutory provision and denied the fee.

On hearing the motion to assess costs, plaintiff stated that he would like to submit some evidence. Defendants' attorney asked if it pertained to the value of the services and plaintiff answered, "No, it pertains to whether or not we've got an open account." The evidence submitted concerned only this issue and no evidence was submitted whatsoever which related to the value of the attorney's services.

In Douglas v. Douglas, 176 Okl. 378, 56 P.2d 362, we held that where a trial court gives the wrong reason for its judgment or considers immaterial issues, if the result is correct, it will not be set aside on appeal. The above case was cited with approval in State ex rel. Commissioners of the Land Office v. Landess, Okl., 293 P.2d 574, wherein we said:

"* * * A rule long adhered to by this Court is that a correct decision arrived at on the basis of wrong reasons or an incorrect theory will not be reversed."

It necessarily follows that if the trial court was without authority to render judgment for attorney fees in favor of the plaintiff because plaintiff failed to submit evidence of the value thereof, the fact that it may have denied the attorney's fee on the grounds that plaintiff's action was not on an open account is immaterial. Although it is not necessary to herein determine whether the instant action involved an open account, since plaintiff relies on the theory that it is, we will assume the facts presented an action to recover on an open account.

Title 12 O.S. 1961, § 936, provides:

"In any civil action to recover on an open account the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

The above provision was enacted in 1961, (see 1961 Session Laws, Chapter 12, page 64) and this Court has not had the occasion to consider whether the trial court would have authority to set the fee without evidence of the value thereof. However, we have construed Title 42 O.S.1961, § 176, which provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

We are unable to find any material distinction between the language employed in Sec. 936, supra, and Sec. 176, supra, except

the former relates to an action on an open account and the latter relates to an action to enforce a lien. Both provisions provide for attorney's fee for the party who prevails and the same to be fixed by the court.

In construing Sec. 176, supra, in the case of Holland Banking Co. v. Dicks, (1917) 67 Okl. 228, 170 P. 253, we held the trial court was without authority to award attorney's fees without evidence as to the value of such attorney's fees. In Holiday Oil Co. v. Smith (1924) 100 Okl. 172, 228 P. 775, we held that said provision " * * * does not authorize the court to render judgment for the prevailing party for an attorney's fee without a hearing on the question, and the taking of some evidence to determine what is a reasonable fee in a given case." In Cowen v. T. J. Stewart Lumber Co., 177 Okl. 266, 58 P.2d 573, we held: "In an action to enforce a materialman's lien, the trial court is without authority to render judgment for an attorney's fee without evidence of the value of the attorney's services." In Tollett v. Clay, 207 Okl. 283, 249 P.2d 412, we held an allowance of attorney's fees to plaintiff in an action to enforce materialman's lien held unauthorized without evidence of value of attorney's services.

Plaintiff cites the case of Suttle v. Chadwell, 196 Okl. 298, 164 P.2d 880; and Murray v. Eagle, Okl., 300 P.2d 652, to sustain the proposition that evidence was not required as to the value of the services rendered before the court was authorized to fix and allow a reasonable attorney's fee. These cases are distinguishable. The case of Suttle v. Chadwell, supra, involved an action in accounting between partners and the trial court awarded the attorney, who did work for the partnership, as fee for services rendered the partnership pursuant to an agreement. In the Murray v. Eagle case, supra, evidence was submitted concerning the value of the services rendered.

Since there is no material distinction between Title 12 O.S.1961, § 936, and Title 42 O.S.1961, § 176, with reference to the fixing and the allowance of attorney's fees in favor of the prevailing party; and this Court has consistently held, in construing Sec. 176, supra, that the trial court is without authority to render judgment for an attorney's fee without evidence of the value of the attorney's services, where no agreement for the amount of attorney's fee is involved, we can see no reason why the same rule should not be applicable to Sec. 936, supra. No contract or agreement for attorney's fee is involved in the instant action.

We hold that under Title 12 O.S. 1961, § 936, where no contract or agreement as to the amount of attorney's fee is involved, the trial court is without authority to render judgment for an attorney's fee without evidence of the value of the attorney's services.

In the instant action, the plaintiff neither submitted nor attempted to submit evidence concerning the value of his attorney's services. Without such evidence, the trial court was without authority to render judgment for an attorney's fee. Therefore, the trial court did not err in denying plaintiff's motion to assess attorney's fee and the judgment concerning this portion of the order must be affirmed.

## CONCLUSIONS

The judgment of the trial court with reference to plaintiff's original cause of action is affirmed. The order of the trial court with reference to assessing costs is affirmed in part and reversed in part. That portion of the order denying plaintiff's motion to assess as costs his attorney's fee is affirmed; and that portion of the order assessing as costs the sum of $12.01 expended by plaintiff in securing engineering information and $100.00 paid by plaintiff to an expert to secure an engineering evaluation is reversed with directions to the trial court to delete the same as costs.

Affirmed in part and reversed in part with directions.

·HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BERRY and HODGES, JJ., concur.