RETIREMENT CONTRIBUTIONS — COUNTIES
Under 74 O.S. 919 [74-919](a) (1972) the County which has elected to contribute the full 10% retirement contribution can rescind this Resolution to pay the full 10% and require each employee to resume paying his 4% contribution and the County resume contributing the 6% employer contribution. Since such contributions to retirement are to be made monthly as provided by the statute, a Resolution to rescind the 10% retirement contribution would also become effective at the close of any month. The Attorney General has received your request for an opinion wherein you, in effect, asked the following questions: 1. Under Title 74 O.S. 919A [74-919A] (1972 Supp.) of the Retirement Act can a County that has elected to contribute the full 10% retirement contributions and filed such a Resolution rescind this Resolution to pay the full 10% and each employee resume paying his 4% contribution and the county resume contributing the 6% employer contribution under Title 74 O.S. 919 [74-919] (1971)? 2. If this Resolution to pay the full 10% retirement contribution can be rescinded by filing a new Resolution to that effect with the Board of Trustees, does the Resolution become effective at the close of any month or should this be on a fiscal year basis? The Oklahoma Public Employees Retirement Act in 74 O.S. 919 [74-919] (1972) on payroll deduction provides: "(1) Each participating employer, . . . beginning with the first monthly payroll for service performed after the entry date, shall deduct from the compensation of each member four percent (4%) of the first One Thousand Dollars ($1,000.00) of his compensation each month . . ." Title 74 O.S. 920 [74-920](6) (1971) on employer's contribution provides: "(6) * * * the employer contributions for the State of Oklahoma or any department or agency thereof for the fiscal year beginning July 1, 1970, shall be six percent (6%) of the annual compensation as provided in this act and thereafter as may be determined by the Board of Trustees of the Oklahoma Public Employees Retirement System." Title 74 O.S. 919A [74-919A] (1972) provides: "The State of Oklahoma and any department or agency thereof, as participating employers, shall contribute to the Oklahoma Public Employees Retirement System, in addition to the contributions required by Section 920 of this title, an amount equal to four percent (4%) of the first One Thousand Dollars ($1,000.00) of the monthly compensation of each member other than elected state officials. Any political subdivision of this state, as an eligible participating employee, may elect to be governed by the provisions of this section in lieu of the provision of Section 919 of this title." (Emphasis added) Because the amended section, 74 O.S. 919A [74-919A] (1972) states that any political subdivision "may elect" to be governed by this section, such language indicates a permissive intention of the Legislature. In United States v. Lexington Mill C. Co., Mo., 232 U.S. 399 (1914), the court adopted the definition of the word "may" as : " * * * 'an auxiliary verb, qualifying the meaning of another verb, by expressing ability, . . . contingency or liability, or possibility or probability." Thus, if "may" is used to convey a permissive intent, the county can rescind the Resolution to pay ten percent (10%) and resume paying the contribution it originally paid. The word "elect" conveys the meaning of choice. In Ladd v. Hudson,288 P. 331, 333 (Okl. 1930), the Court held: "The word 'elect' contemplates the existence at the time of the election of at least two remedies. It contemplates the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts." Since Section 919 was not repealed by Section 919A but remains in effect, Section 919A being supplemental to Section 919, a reasonable interpretation would be to permit the county to elect the form of retirement contribution under either Section. And, there being no language in the statute indicating that the election is to be irrevocable, the county may resolve not to continue under Section 919A. As to question number two, Section 74 O.S. 919 [74-919](1) of the statute provides that the retirement contribution is to be deducted monthly, there appears to be no reason that if the Resolution of paying 10% were rescinded its date of effectiveness should not also be monthly. In American First Title Trust Co. v. First Fed. S. L. Ass'n., 415 P.2d 930, 939 (Okl. 1965) the Court adopted the following rule in construing a legislative enactment: " 'The general rule is that nothing may be read into a statute which is not within the manifest intention of the Legislature as gathered from the Act itself and that a statute should not be construed any more broadly or given any greater effect than its terms require.' " There is no reason to extend the meaning of the statute beyond the monthly requirement for which it provides. Therefore, it is the opinion of the Attorney General that under 74 O.S. 919A [74-919A] (1972) the County which has elected to contribute the full 105b retirement contribution can rescind this Resolution to pay the full 10% and require each employee to resume paying his 4% contribution and the County resume contributing the 65% employer contribution. Since such contributions to retirement are to be made monthly as provided by the statute, a Resolution to rescind the 10% retirement contribution would also become effective at the close of any month. (James H. Gray)