PROBATE PROCEDURE In considering 58 O.S. 912 [58-912] (1976), which establishes the procedure for termination of joint tenancy other than by judicial procedure, absent legislative change that provision which requires certification by the county assessor of the county wherein the real property is located that all or a portion of the tract described was allowed as homestead to the affiant and the decedent in the year of decedent's death is an absolute and mandatory requirement which must be met by a surviving joint tenant before he may have the joint tenancy terminated and his title deemed merchantable for all purposes, unless otherwise defective. The Attorney General has considered your request for an opinion on the following question: In considering 58 O.S. 912 [58-912] (1976), which establishes the procedure for termination of joint tenancy other than by judicial procedure, is that provision which requires certification by the county assessor of the county wherein the real property is located that all or a portion of the tract described was allowed as homestead to the affiant and the decedent in the year of the decedent's death an absolute and mandatory requirement which must be met by a surviving joint tenant before he may have the joint tenancy terminated and his title deemed merchantable for all purposes, unless otherwise defective, or is there an alternative method available whereby the surviving tenant may establish that said real property was used as his homestead in the year of decedent's death? Paragraph 2 of 58 O.S. 912 [58-912] (1976), requires the surviving joint tenant to file the following, in addition to other documents, with the county clerk of the county in which the real property is located: "An affidavit by the surviving joint tenant acknowledged before a notary public describing the real property, stating that the decedent named in such certificate is one and the same person as the joint tenant named in a previously recorded document by book and page where recorded, the date of death, of the deceased joint tenant, and certification by the county assessor of the county wherein the real property is located that all or a portion of the tract described was allowed as homestead to the affiant and the decendent in the year of decendent's death . . ." (Emphasis added) Title 68 O.S. 2409.1 [68-2409.1] (1976), provides in pertinent part as follows: "A. 1. Each taxpayer who applies for homestead exemption shall file an application on or before the 15th day of March in any year following the year of: "a. the purchase of real estate; or "b. the change of use or status of real property so as to entitle it to homestead exemption. ". . . "4 Any purchaser or new owner of real property must file an application for homestead exemption as herein provided. "B. 1. The application for homestead exemption shall be filed with the county assessor of the county in which the homestead is located. . . ." 68 O.S. 2409.1 [68-2409.1], as quoted above, affords parties the opportunity to apply for homestead exemption at any time on or before March 15 following the year of the purchase of real estate or change of use. If an application is neither filed nor approved, then a county assessor has no documentation in his file to support a certification by him in accordance with the requirements of 58 O.S. 912 [58-912] (1976). The statutes do not provide any alternative method or procedure whereby the requirements of paragraph 2 of 58 O.S. 912 [58-912] (1976), can be fulfilled other than by certification by the county assessor. Since no alternatives are provided by statute, none can be instituted or authorized absent legislative enactment. Established statutory construction precludes the interpretation of statutes to include procedures and provisions which are clearly not provided. Generally, nothing which is not within the manifest intention of the Legislature or gathered from the statute itself may be read into the statute, and the statute should not be construed more broadly than its terms require. See, American First Title Trust Company v. First Federal Savings and Loan Association of Coffeeville, Kansas,415 P.2d 930 (1965). It is, therefore, the opinion of the Attorney General that your question be answered as follows. In considering 58 O.S. 912 [58-912] (1976), which establishes the procedure for termination of joint tenancy other than by judicial procedure, absent legislative change that provision which requires certification by the county assessor of the county wherein the real property is located that all or a portion of the tract described was allowed as homestead to the affiant and the decedent in the year of decedent's death is an absolute and mandatory requirement which must be met by a surviving joint tenant before he may have the joint tenancy terminated and his title deemed merchantable for all purposes, unless otherwise defective. (AMALIJA J. HODGINS) ** SEE: OPINION NO. 88-504 (1988) (UNPUBLISHED) **