SCHOOLS
Under the provisions of Subsection 4, Section 2, Senate Bill 249, Thirty-Sixth Legislature (1977), to be codified as 70 O.S. 6-102.2 [70-6-102.2] (1977) a teaching principal may conduct teacher evaluations if such teaching principal be so designated by the local Board of Education. The Attorney General has considered your request for a legal opinion wherein you ask the following question: "Under the provisions of Subsection 4 of Section 2 of Senate Bill 249 of the Thirty-Sixth Legislature, may a teaching principal conduct teacher evaluations?" Your question is in reference to Section 2 of Senate Bill 249, Thirty-Sixth Legislature (1977), the same being a provision to be codified as Title 70 O.S. 6-102.2 [70-6-102.2] (1977). This Section provides for the required establishment of provisions relating to teacher evaluations. Under this section, all local boards of education are required to establish a written policy of evaluation for all teachers and administrators. Included within the required provisions of the evaluation policy are the requirements that the evaluation policy be prescribed in writing and made available to all teachers. It is also required that the adopted evaluation policy provide that all evaluations conducted be in writing and all instruments connected with such evaluations be maintained in a personnel file on the teacher evaluated. The Act further requires that all probationary and tenured teachers be evaluated at certain intervals and times respectively specified in this section. The portion of this section relevant to your question, Subsection 4, Section 2, S.B. 249, supra, sets forth the requirement that the adopted policy: "Provided that, except for superintendents who shall be evaluated by the local school board, all certified personnel, including administrators, shall be evaluated by certificated administrative personnel designated by the local school board." (Emphasis Added) Your question asks if a teaching principal may conduct teacher evaluations pursuant to the language of Subsection 4, supra, above-quoted. It would appear that this question be submitted primarily due to the difference in credentials required for a teaching principal and other administrators. Fulltime principals and superintendents of schools are required to possess what is commonly referred to as an administrator's certificate, this being a certificate in addition to the required teaching certificate. Refer generally, 70 O.S. 1-116 [70-1-116] (1976), 70 O.S. 6-108 [70-6-108] and 70 O.S. 6-109 [70-6-109] (1971), State Board of Education Rules and Regulations. However, a "teaching principal", clearly falling within the definition of an administrator, is not required by law to possess an administrator's certificate in order to be qualified to act as a teaching principal. Refer, 70 O.S. 1-116 [70-1-116] (1976); 1, S.B. 249, Thirty-Sixth Legislature (1977). Given this difference in credentials required, you essentially ask if the emphasized language of Subsection 4, Section 2, S.B. 249, supra, above-quoted, requires evaluators to possess an administrator's certificate or, in the alternative, merely requires the evaluators to be administrative personnel possessing teaching certificates. In attempting to interpret the provisions of the section in question, we are mindful of certain fundamental rules of statutory construction deemed to be applicable. In this connection, it is noted that the primary and fundamental rule of statutory construction is to ascertain and declare the intention of the legislature in enacting the provision and to construe the provision in such a way as to carry out such legislative intent. Bohn v. Divine, Okl. App.,544 P.2d 916 (1975). It is also recognized that in construing a statute, one may not read into a statute that which is not in the manifest intention of the legislature as such intention may be ascertained from the language in the statute itself. In this connection, it is observed that a statute should not be construed more broadly than its terms require. American First National Trust v. First Fidelity Savings Loan, 415 P.2d 930 (Kansas 1965). Guided by these rules of statutory construction, it is observed that the language of the statute pertains to "certificated administrative personnel." Attributing to this language that which would appear to be its common and ordinary meaning, it may be concluded that the language in question pertains to administrative personnel who are certificated. Within this meaning, it would appear that a teaching principal would indeed qualify as "administrative personnel" and, as a teacher, would be "certificated." While a teaching principal is not required to possess an administrator's certificate, the language of the statute does not clearly require evaluations to be conducted by certificated administrators. Accordingly, it would appear that your question may be answered in the affirmative. This conclusion would appear to be consistent with the general intent of S.B. 249, supra, as it pertains to those persons understood to be involved in the evaluation process. Section 6 of S.B. 249, supra, to be codified as 70 O.S. 6-103.2 [70-6-103.2] (1977), pertains to a procedure for admonishing a teacher. This section provides: "Whenever a principal who has the administrative responsibility under the supervision of the superintendent of a school district to plan, manage, operate and evaluate the educational program of a particular school attendance area and who has carried out the provisions of Section 2 of this act believes that it is necessary to admonish a teacher in the district for a reason he believes may lead to the teacher's dismissal or nonreemployment, the principal shall: 1. Bring the matter to the attention of the teacher, in writing, and make a reasonable effort to assist the teacher to correct whatever appears to be the cause for potential dismissal or non-reemployment; and 2. Allow a reasonable time for improvement, which time shall not exceed two (2) months. The nature and gravity of the teacher's conduct shall be considered in determining what length of time will be reasonable. If the teacher does not correct the cause for potential dismissal or non-reemployment, within a reasonable length of time, the principal shall make a recommendation to the superintendent of the school district for the dismissal or non-reemployment of the teacher." (Emphasis Added) From a plain reading of this section, it is apparent that the Act contemplates the direct involvement of a principal in the teacher evaluation process. Understanding that many school districts are supervised by a teaching principal without having a fulltime principal employed, it would certainly appear to be consistent with the intent of the legislature to hold that a teaching principal was intended to be qualified to serve in the capacity of an evaluator. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Under the provisions of Subsection 4, Section 2, Senate Bill 249, Thirty-Sixth Legislature (1977), to be codified as 70 O.S. 6-102.2 [70-6-102.2] (1977) a teaching principal may conduct teacher evaluations if such teaching principal be so designated by the local Board of Education. (R. THOMAS LAY)