SCHOOLS Under the provisions of 70 O.S. 1210.275 [70-1210.275] (1976), a Regional Education Service Center is not authorized by law to conduct or use, for any purpose. projective psychological, personality or adjustment tests designed to collect information relative to a pupil's personality, environment, home life, parental or family relationships, economic status, religious beliefs, patriotism, sexual behavior or attitudes, or sociological problems. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Under the provisions of 70 O.S. 1210.275 [70-1210.275] (1976), may a Regional Education Service Center conduct or use projective psychological, personality or adjustment tests for purposes other than student screening? The Regional Education Service Centers referred to in your request were created pursuant to the provisions of the Prescriptive Teaching Act of 1974, 70 O.S. 1210.271 [70-1210.271] et seq. (1976). Under the provisions of this Act, the Regional Education Service Centers have two primary responsibilities: (1) insure student screening designed to identify those students who may fall into the category of students having learning needs of an exceptional type, and (2) offer school and school districts professional assistance in efforts aimed towards the improvement of instruction for students. Refer 70 O.S. 1210.275 [70-1210.275] (1976). Under the last-quoted statutory provision, the specific responsibilities of the Regional Education Service Centers include student appraisal (screening), (2) the providing for appropriate media and equipment, (3) recommendations concerning individualized learning plans and the providing of material and consultation to educators and parents, (4) consult and assist in the organization of staff development, and (5) coordinate other related services as may be offered by any governmental unit. The Regional Education Service Center's responsibility directly related to your question is set forth within 70 O.S. 1210.275 [70-1210.275] (1976), Subsection 1. This section provides, in relevant part, that the Service Center shall provide the following service: "1. Student appraisal which shall include diagnostic and evaluative service for students who are exhibiting learning problems and analysis of placement alternatives and recommendation for special class placements if needed. Screening by Prescriptive Teaching Centers shall not include the use of projective psychological, personality or adjustment tests for the purpose of collecting information relative to a pupil's personality, environment, home life, parental or family relationships, economic status, religious beliefs, patriotism, sexual behavior or attitudes or sociological problems." In light of this provision, your question asks if the Regional Education Service Center is authorized to conduct or use, for purposes other than student screening, psychological, personality or adjustment tests as above referred. The cardinal rule of statutory construction, requiring no citation, is to construe and interpret a statutory provision in such a way as to ascertain and give effect to the legislative intent and purpose in enacting the subject provision. Such legislative intent is consistently understood to be best determined by reference to the language of the provision under review. Bohn v. Divine, Okl. App., 544 P.2d 916 (1975), American First National and Trust v. First Fidelity Savings and Loan,415 P.2d 930 (Kansas 1965). The statutory language above-quoted, in respects relevant to your question, provides that the student screening contemplated to be provided by the Regional Education Service Center shall not include the use of the designated tests for purposes of collecting information relative to that which is generally understood to be personal information, i.e., pupil's personality, environment, home life, parental or family relationships, etc. This statutory prohibition is clearly intended to eliminate student screening or testing which involves the use of various tests designed to collect such personal or private information. Given a plain reading of this provision and in keeping with the purpose of construing the provision consistent with the legislative intent in its enactment, it may only be concluded that such provision was intended to exclude and prohibit the use of the designated tests in the student-screening process. Beyond the student-screening responsibilities, there would appear to be no other authorized statutory responsibility or purpose connected with such prohibited testing. Accordingly, your question may be answered in the negative. Under the provisions of 70 O.S. 1210.275 [70-1210.275], supra, a Regional Education Service Center is not authorized to conduct or use, for purposes of student screening or otherwise, the prohibited psychological, personality or adjustment tests. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Under the provisions of 70 O.S. 1210.275 [70-1210.275] (1976), a Regional Education Service Center is not authorized by law to conduct or use, for any purpose, projective psychological, personality or adjustment tests designed to collect information relative to a pupil's personality, environment, home life, parental or family relationships, economic status, religious beliefs, patriotism, sexual behavior or attitudes, or sociological problems. (R. THOMAS LAY) ** SEE: OPINION NO. 79-076 (1979) **