SCHOOLS Under the provisions of Section 16, House Bill 1001, Extraordinary Session of the Thirty-sixth Legislature (1977), the negotiating parties may negotiate and agree to a distribution of the mandated salary increase which may provide for a per teacher allocation other than that provided in said Bill under circumstances in which the negotiating parties are negotiating, as provided by 70 O.S. 509.1 [70-509.1] et seq. (1971), and where both negotiating parties desire that such allocations be negotiable. Under such circumstances, if the negotiating parties have failed to reach an agreement prior to the commencement of classes, the payment of the mandated salary increases may be held in abeyance by agreement, subject to applicable fiscal year spending limitations, for retroactive payment until the allocation of the mandated increase has been agreed upon. The Attorney General acknowledges receipt of your request for a legal opinion wherein you ask, in effect, the following questions: (1) Under the provisions of Section 16 of House Bill 1001, Extraordinary Session of the Thirty-sixth Legislature (1977), does the word "distribution" enable the negotiating parties to distribute the mandated salary increases in a manner other than the allocations per teacher set forth in said Section? (2) If the negotiating parties have failed to reach an agreement prior to the commencement of classes, can the payment of the mandated salary increases be held in abeyance for retroactive payment until the allocation of the mandated increases between salary and fringe benefits has been agreed upon? Section 16 of House Bill 1001, Extraordinary Session of the Thirty-sixth Legislature (1977), pertains to the appropriation made for teachers' salary increases for the fiscal year 1978. This Section provides "Funds allocated in Section 6 of this act for Teachers' Salary increases for fiscal year 1978 are to provide a salary increase and/or fringe benefits of Three Hundred Dollars ($300.00) for each state teacher with less than one (1) year of teaching experience and a salary increase and/or fringe benefits of Nine Hundred Dollars ($900.00) for each state teacher with one (1) or more years' experience in addition to the regular increment on the current salary schedules in each local school district. Such funds are to be allocated on the basis of Three Hundred Seventeen Dollars and fifty-five cents ($317.55) for each state teacher with less than one (1) year of teaching experience and Nine Hundred Fifty-two Dollars and sixty-five cents ($962.65) for each state teacher with one (1) or more years of experience and shall be in addition to other funds allocated to each district. Provided, in those districts which do not pay Federal Insurance Contributions Act (F.I.C.A.) payments, Three Hundred Dollars ($300.00) shall be allocated for each teacher with less than one (1) year of teaching experience and Nine Hundred Dollars ($900.00) shall be allocated for each state teacher with one (1) or more years of experience. Provided, further, if the professional staff and the board of education of a school district are using the negotiation process as set out by Oklahoma law, the distribution of the mandated increase may become a negotiable item if both negotiating parties so desire." In attempting to answer your first question, recognition of certain fundamental rules of statutory construction should be given. Indeed, the primary rule of statutory construction is to ascertain and declare the intention of the Legislature and to carry such intention into effect. Bohn v. Divine, Okla. App., 544 P.2d 916 (1975). Where a statute is plain, clear and unambiguous its evident meaning must be accepted, there being no justification for the use of interpretative devices to reach and find a different meaning. McVicker v. Board of County Commissioners, Okl., 442 P.2d 297 (1968). Stated otherwise, one may not read into a statute that which is not within the manifest intention of the Legislature as may be ascertained from the statute itself and a statute should not be construed more broadly than its terms require. American First National and Trust v. First Fidelity Savings and Loan, 415 P.2d 930 (Kan. 1965). Section 16, supra, states that the respective funds appropriated by Section 6 of the Act are to provide salary increases and/or fringe benefit increases of Three Hundred Dollars ($300.00) for each state teacher with less than one (1) year teaching experience and a salary increase and/or fringe benefit increase of Nine Hundred Dollars ($900.00) for each state teacher with one (1) or more years experience. This Section further states that the subject funds are to be allocated on a certain monetary basis for each state teacher for those school districts which do not pay Federal Insurance Contribution Act payments. This initial portion of Section 16, supra, essentially may be said to declare that which constitutes the so-called mandatory salary increase. As to this mandatory salary increase, Section 16 goes on to provide: "Provided, further, if the professional staff and the board of education of a school district are using the negotiation process as set out by Oklahoma law, the distribution of the mandated increase may become a negotiable item if both negotiating parties so desire." (Emphasis added) Based upon a plain reading of the above-quoted language, it must be concluded that the legislative intent behind this proviso was to allow the actual distribution of the "mandated increase" to be negotiable under circumstances in which the bargaining representatives for the professional educators and the school district are negotiating pursuant to 70 O.S. 509.1 [70-509.1] et seq. (1971), and where both such negotiating parties mutually desire to make this item negotiable. Accordingly, your first question may be answered in the affirmative. Under circumstances wherein the two above-noted conditions exist, the negotiating parties may negotiate the mandated salary increase to be distributed in a manner other than the allocations per teacher set forth in Section 16. In answer to your second question, there appears to be no prohibition within the terms and provisions of House Bill 1001, supra, which would prohibit the payment of the mandated salary increases from being held in abeyance for retroactive payment until such time that the allocation of the mandated increases between salary and fringe benefit has been agreed upon. Accordingly, your second question is answered in the affirmative. It is, therefore, the opinion of the Attorney General that your question be answered as follows. Under the provisions of Section 16, House Bill 1001, Extraordinary Session of the Thirty-sixth Legislature (1977), the negotiating parties may negotiate and agree to a distribution of the mandated salary increase which may provide for a per teacher allocation other than that provided in said Bill under circumstances in which the negotiating parties are negotiating, as provided by 70 O.S. 509.1 [70-509.1] et seq. (1971), and where both negotiating parties desire that such allocations be negotiable. Under such circumstances, if the negotiating parties have failed to reach an agreement prior to the commencement of classes, the payment of the mandated salary increases may be held in abeyance by agreement, subject to applicable fiscal year spending limitations, for retroactive payment until the allocation of the mandated increase has been agreed upon. (R. THOMAS LAY) ** SEE: OPINION NO. 78-249 (1978) **