STATE OFFICERS AND EMPLOYEES Title 74 O.S. 3603 [74-3603] (1977), does not authorize the State employment Review Board to increase the maximum statutory salary levels of personnel, specifically the Executive Director of the Physician's Manpower Training Commission. The Attorney General is in receipt of your request for an opinion wherein you ask the following question: Does the State Employment Review Board, constituted in accordance with Title 74 O.S.Supp. 1977, 3603, have the authority to increase maximum statutory salary levels of personnel; specifically the Executive Director of the Physician's Manpower Training Commission ? The current appropriations for the Physician's Manpower Training Commission are contained in 74 O.S. 285 [74-285](84) (1977) which specifically authorizes a maximum salary of $17,030 for the executive director. Reference is also made therein to the above-cited Section 74 O.S. 3603 [74-3603], but only as potentially authorizing an increase in the number of full time personnel within that Commission. Does the Legislature additionally authorize through 74 O.S. 3603 [74-3603], that the State Employment Review Board shall have the power to increase maximum statutory levels? By reading the statute as a whole to arrive at the Legislature's purpose, it appears that the Board is granted only the power to increase personnel within respective agencies and the right to authorize additional funding for said new personnel. In fact, 74 O.S. 3603 [74-3603](F), specifically proscribes increases in the salary limits previously established by the Legislature in Board actions concerning the implementation of government reorganization measures. Only 74 O.S. 3603 [74-3603](B), contains any language which might be the basis for broadening the above outlined powers. This Subsection provides as follows: "B. No Board, commission, department, program or office whose expenditure of funds for salaries and wages has been limited by legislative action shall exceed the amount unless approval is first granted by the Board." However, to read the above subsection as authority for powers not specifically enumerated in Section 3603 would be contrary to a basic rule of statutory construction found in American First Title and Trust Company v. First Federal Savings and Loan Association of Coffeeville, Kansas, Okl. Cr., 415 P.2d 930 (1965). "The general rule is that nothing may be read into a statute which is not within the manifest intention of the Legislature as gathered from the Act itself and that a statute should not be construed any more broadly or given any greater effect than its terms require." The provisions of 74 O.S. 283 [74-283] (1971), make it even more clear that the Legislature did not intend to grant the Board the power to increase maximum salary levels: "The amount of salary as fixed by any statute, heretofore or hereafter enacted, creating positions or fixing salaries for positions of any officer or employee of the State of Oklahoma except as limited by Article XXIII, Section 10 of the Constitution of the State of Oklahoma, shall be and it is intended by the Legislature to be the maximum salary which each of the respective officers or employees shall receive or be entitled to receive; and none of such salaries, nor any part of any such salary shall constitute a valid claim against the State of Oklahoma in excess of the amount or amounts specifically appropriated therefor." It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: Title 74 O.S. 3603 [74-3603] (1977), does not authorize the State Employment Review Board to increase the maximum statutory salary levels of personnel, specifically the Executive Director of the Physician's Manpower Training Commission. (JOHNNY J. AKINS)