Dear Honorable Sanders
The Attorney General is in receipt of your request for an opinion wherein you ask the following question:
"Do the provisions of 21 O.S. 995.1 through 21 O.S. 995.18 (1973)prohibit more than one licensee from holding a bingo session on anypremises at one time by holding back-to-back sessions of thirty games eachor alternating games until both have played thirty games?"
A general statement of the legislative intent concerning bingo games was previously set out in Attorney General's Opinion No. 78-220. In that opinion, the Attorney General stated that the legislative intent was that bingo games should be highly restricted, facilitating the greatest possible control to permit the policing of bingo games. While that which is within the manifest intention of the Legislature, as gathered from the statute itself, may be read into a statute, the statute should not be construed more broadly than its terms require. American First Title and Trust Co. v. First Federal Savings and Loan Association of Coffeyville, Kansas, 415 P.2d 930 (Okla. 1965). Further in order to expand the legislative authorization impliedly, we must find this extension to be necessarily implied, see Missouri, D G Railroad Co. v. State,29 Okla. 640, 119 P.117 (1911).
Your question requires an examination of 21 O.S. 995.10 (1973) which states:
"21 O.S. 995.10 Limitation on sessions and prizes.
 ". . . No licensee may conduct more than one session per day, each session not to exceed thirty (30) bingo games per session nor may any licensee conduct bingo games in the excess of two (2) days per week. No prize greater in the amount or value than One Hundred Dollars ($100.00) shall be offered or given in any single game of bingo conducted under such license and the aggregate amount of all prizes offered or given in all games played on a single occasion shall not exceed Five Hundred Dollars ($500.00)." (Emphasis added) 21 O.S. 996.10 defines a "session" as a group of one to thirty games played by one licensee. Thusly, if a licensee were to play one game and relinquish control of the location to another licensee, i.e. alternating games, that one game would constitute a session and to begin a second game would not be permissible inasmuch as that would be more than one session per day per licensee.
 It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: Under the provisions of 21 O.S.995.10 (1973), it is not prohibited for more than one licensee tohold back-to-back bingo sessions of up to thirty (30) games eachat one location as long as the hours curfew in 21 O.S. 995.9 arestrictly observed, but alternating games are not permissible.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
C. ELAINE ALEXANDER, ASSISTANT ATTORNEY GENERAL