The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does "HIGH RATE GEOGRAPHICAL AREA" as provided for in Section 3 of HB 1377 which amends 74 O.S. 500.9 [74-500.9] of the State Travel Reimbursement Act include municipalities within the metropolitan area of the cities listed or must claims for lodging in such "HIGH RATE GEOGRAPHICAL AREAS" be confined to places of public accommodation within the corporate boundaries of the listed cities? House Bill No. 1377 effective July 1, 1979, amends Title 74 O.S. 500.9 [74-500.9] (1978) and is amended to read, in part, as follows: "B. The Legislature recognizes the existence of areas where the reimbursement is not sufficient to pay lodging costs, and wherein a higher lodging reimbursement should be allowed. It is hereby provided that any state officials or employees in official travel status out of the state in one of the designated high rate geographical areas shall be reimbursed their actual lodging expense up to a maximum of Forty-Five Dollars ($45.00) per night, except as provided in Section 4 of this act. The high rate geographical areas are hereby designated as follows: "Atlanta, Ga. Kansas City, Mo. Philadelphia, Pa. Baltimore, Md. Los Angeles, Ca. Pittsburgh, Pa. Boston, Mass. Miami, Fla. St. Louis, Mo. Chicago, Ill. Minneapolis- San Diego, Ca. Dallas, Tex. St. Paul, Minn. San Francisco, Ca. Denver, Colo. New Orleans, La. San Jose, Ca. Detroit, Mich. New York, N.Y. Seattle, Wash. Houston, Tex. Newark, N.J. Washington, D.C." In addition, there are such areas within this state that demand a higher rate and it is therefore established that Oklahoma and Tulsa Counties are designated as in-state high rate geographical areas. State officials and employees shall be reimbursed their actual lodging expense up to a maximum of Twenty-five Dollars ($25.00) per night while on official in-state travel status within the designated in-state high rate geographical areas. The Legislature recognized the existence of areas of the country where the reimbursement, as authorized, would not be sufficient to pay lodging costs. These areas were defined as geographical areas but location was designated and described by the name of the city. The Legislature further designated Tulsa and Oklahoma Counties as areas that would be entitled to a higher rate. Determination of legislative intent should ordinarily be by consideration of language of the statute, where such inquiry becomes pertinent. State v. Hamilton, Okl. 298 P.2d 1073 (1956). Generally, nothing which is not within manifest intention of Legislature as gathered from statute itself may be read with statute and the statute should not be construed more broadly than its term require. American First Title Trust Co. v. First Federal Savings Loan Asso. of Coffeyville, Kansas, Okl. 415 P.2d 930
(1966). It is, therefore, the opinion of the Attorney General that your question be answered as follows: Claims or reimbursement for lodging costs as set out in HB No. 1377 which amends 74 O.S. 500.9 [74-500.9] (1978) must be confined to places of public accommodation within the corporate boundaries of the listed cities. (VICTOR G. HILL, JR.) (ksg)