ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING 19 O.S. 339 [19-339](B) (1981). I HAVE DISCUSSED YOUR REQUEST WITH WILLIAM BUXTON, FIRST ASSISTANT DISTRICT ATTORNEY, AND EXPLAINED TO MR BUXTON THAT THIS OFFICE BELIEVES THE QUESTIONS RAISED BY YOUR REQUEST MAY BE ANSWERED AS A MATTER OF LAW BY THE RULES OF STATUTORY CONSTRUCTION FOR THAT REASON, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. YOU ASKED WHETHER 19 O.S. 339 [19-339](B), WHICH PROHIBITS A COUNTY COMMISSIONER WHO DOES NOT SUCCEED HIMSELF IN OFFICE FROM PURCHASING, ACQUIRING OR CONTRACTING FOR OR DISPOSING OF MACHINERY OR EQUIPMENT, APPLIES TO ITEMS OTHER THAN MACHINERY OR EQUIPMENT IT IS WELL SETTLED THAT NOTHING MAY BE READ INTO A STATUTE WHICH IS NOT WITHIN THE MANIFEST INTENTION OF THE LEGISLATURE, AND A STATUTE SHOULD NOT BE CONSTRUED ANY MORE BROADLY OR GIVEN GREATER EFFECT THAN ITS TERMS REQUIRE. AMERICAN-FIRST TITLE AND TRUST COMPANY V. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF COFFEYVILLE, KANSAS, 415 P.2d 930
(OKL 1966) THE PLAIN LANGUAGE OF THE FIRST SENTENCE OF SECTION 19 O.S. 339 [19-339](B) CLEARLY APPLIES ONLY TO MACHINERY AND EQUIPMENT, AND NOT TO ITEMS SUCH AS UTILITIES WHICH ARE BILLED MONTHLY, AS RAISED IN YOUR SECOND QUESTION WHILE YOUR LETTER INDICATES THAT THE SECOND SENTENCE OF THE STATUTE ALSO APPLIES ONLY TO MACHINERY AND EQUIPMENT, IT WOULD SEEM THAT THE SECOND SENTENCE OF THE STATUTE, WHICH CREATES A MANDATORY DUTY O SUCH COMMISSIONER TO EXECUTE PAYMENT AND TO PAY ALL OUTSTANDING OBLIGATIONS OF THE COUNTY INCURRED BY HIM OR ON HIS BEHALF BY THE BOARD OF COUNTY COMMISSIONERS, PRIOR TO THE EXPIRATION OF HIS TERM, AND TO MAKE OTHER PAYMENTS CURRENT AS OF THE DATE OF EXPIRATION OF HIS TERM OF OFFICE, APPLIES TO ANY VALID DEBT OF THE COUNTY THUS, THE FIRST SENTENCE OF THE SECTION IS REFERRING TO THE MAKING OF CONTRACTUAL OBLIGATIONS BY A COMMISSIONER AFTER IT IS KNOWN THAT THE COMMISSIONER WILL NOT SUCCEED HIMSELF, WHILE THE SECOND SENTENCE MERELY REQUIRES THE COMMISSIONER TO PAY (OR VOTE FOR THE PAYMENT OF) ANY OUTSTANDING OBLIGATIONS OF THE COUNTY IF THERE WERE OBLIGATIONS OF THE COUNTY INCURRED PRIOR TO THE TIME LIMITATION OF THE FIRST SENTENCE, INVOLVING MACHINERY OR EQUIPMENT, THERE WOULD BE NO REASON UNDER THE SECOND SENTENCE TO PROHIBIT THE CONTINUED PAYMENT OF THOSE OBLIGATIONS; IT IS MERELY THE INCURRING OF NEW OBLIGATIONS TO WHICH THE FIRST SENTENCE IS DIRECTED. (CONFLICT OF INTEREST) (SUSAN BRIMER LOVING)